UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILEKE W.,

                        **Plaintiff,**

  vs.                                                    5:22-CV-1387
                                                             (MAD/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                        **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINSTRATION**    **KRISTINA COHN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**SOCIAL SECURITY ADMINSTRATION**    **AMANDA J. LOCKSHIN, ESQ.**
800 Third Avenue - Front A #1545
New York, New York 10022
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Petitioner Howard D. Olinsky, Esq. ("Petitioner"), attorney for Plaintiff Mileke W. ("Plaintiff"),[1] moves this Court pursuant to Section 206(b)(1) of the Social Security Act and 42

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-

U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. *See* Dkt. No. 14. Defendant Commissioner of Social Security (the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $5,842.00, under 42 U.S.C. § 406(b)," and asserts that "it is for the Court to decide" whether the request is reasonable. Dkt. No. 16 at 1-2.

## II. BACKGROUND

On December 23, 2022, Plaintiff filed this civil action seeking review of the final decision of the Commissioner denying his application for Supplemental Security Income benefits under the Social Security Act. *See* Dkt. No. 1. On April 12, 2023, the parties stipulated to reverse the Commissioner's final decision and remand Plaintiff's claim for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 8. Judgment was entered that day. *See* Dkt. No. 9. Thereafter, the parties stipulated to an award of attorney's fees in the amount of $1,068.80, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs in the amount of $402, under 28 U.S.C. § 1920. Dkt. Nos. 12, 13. Plaintiff owed a state tax obligation in the amount of $969.84, thus Petitioner only received $98.96 of the $1,068.80 EAJA fee award, and the remainder was applied to Plaintiff's debt. *See* Dkt. No. 14-1 at ¶ 3; Dkt. No. 14-2 at 2.

On remand, Petitioner was successful in securing a finding that Plaintiff is disabled, and Plaintiff received an award of $52,168 in back-payments. *See* Dkt. No. 14-1 at ¶¶ 5, 10; Dkt. No. 14-4 at 3.

Presently before the Court is Plaintiff's motion for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant a "reasonable fee . . . not in excess of

---

governmental parties, this Memorandum-Decision and Order will identify Plaintiff by first name and last initial.

[twenty-five] percent of the total past due benefits" awarded in a successful Social Security benefits action. 42 U.S.C. § 406(b)(1)(A). The contingency agreement between Petitioner and Plaintiff stated that Petitioner could seek up to twenty-five percent of an award of past due benefits that Plaintiff may receive. *See* Dkt. No. 14-2 at 2. Plaintiff's past due benefits were determined to be $52,168 and twenty-five percent thereof is $13,042. *See* Dkt. No. 14-1 at ¶¶ 5-6. Petitioner seeks attorney's fees in the amount of $5,842 under 42 U.S.C. § 406(b), which is less than twenty-five percent of the total of Plaintiff's past due benefits. *See id.* at ¶ 8.

### III. DISCUSSION

The effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (quotation, internal quotation marks, footnote, and alterations omitted). As the Second Circuit has repeatedly observed, "§ 406(b) is not entirely self-explanatory[,]" as it "allows contingency agreements but gives no guidance as to how a court should treat them in determining a reasonable fee." *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)) (internal quotation marks omitted). Nonetheless, district courts have been guided to "'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

The "court approval" contemplated by § 406(b) is thus a "reasonableness" review, which includes consideration of factors such as:

> (1) whether the percentage is within the [twenty-five percent] cap;
> (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time

3

>spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021); *Fields*, 24 F.4th at 854).

In *Fields*, the Second Circuit recognized that the "windfall" factor is less clear than the other factors to be considered. *See Fields*, 24 F.4th at 853-54 (noting that the Supreme Court and the Second Circuit have "rejected reliance on the lodestar method" of calculating fees in Social Security cases, and that "some jurists have expressed frustration that the windfall factor could be read as simply the lodestar method by another name and, as such, incompatible with the stated approach of these opinions") (citations omitted). Thus, the Circuit cautioned that "[i]n determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Id.* (citation omitted).

Here, attorneys and paralegals at Petitioner's law firm, Olinsky Law Group, spent 7.1 hours working on Plaintiff's case before this Court. *See* Dkt. No. 14-1 at ¶ 11. Ledgers submitted by Petitioner show that 2.7 hours of this work is attributable to attorney time and 4.4 hours is attributable to work performed by paralegals. *See id.* The requested award of $5,842 implies a blended hourly rate of $822.82 for all timekeepers (including paralegals). *See id.* If the 4.4 hours of paralegal time are first carved out at $100 per hour (as Petitioner suggests, *see id.*), the remaining requested award implies an even higher hourly rate of $2,000.74 for the attorneys who worked on this action. *See id.*

Although $2,000 per hour is an unusually high hourly rate in a Social Security case, the Court, guided by the Second Circuit's decision in *Fields*, must look beyond the *de facto* hourly

4

rate in determining the reasonableness of the requested fee. First, $5,842 is approximately eleven percent of the past due benefits award—well below the twenty-five percent statutory cap. Second, there is no evidence of fraud or overreaching in the record before the Court. Third, although some courts may find a *de facto* attorney hourly rate of $2,000 to be a windfall, others have found similar hourly rates to be reasonable in light of the remaining factors to be considered. *Compare*, *Timothy G. v. Comm'r of Soc. Sec.*, No. 18-CV-9235, 2025 WL 486774, *4 (S.D.N.Y. Feb. 12, 2025) (reducing award to reflect $1,500 for each attorney hour from the requested $2,000 *de facto* hourly rate where counsel did not also represent the plaintiff in administrative proceedings), *with Michael N.*, 2025 WL 1519316, at *2 (accepting *de facto* $2,000 hourly rate and noting that "the Second Circuit has approved similar *de facto* rates in light of the nature of these cases") (citing *Fields*, 24 F.4th at 856 & n.10 (collecting cases)). And, as for the remaining factors, although Petitioner's law firm only spent 7.1 total hours litigating before this Court, the record reflects that Petitioner acted diligently to achieve a favorable result for Plaintiff and there is no evidence of undue delays.

"Where, as here, the specialization and experience of the firm and the attorneys enabled them to work efficiently and obtain a remand stipulation for their client, '[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency.'" *David M.D. v. Dudek*, No. 8:21-CV-00465, 2025 WL 1266612, *3 (N.D.N.Y. May 1, 2025) (quoting *Fields*, 24 F.4th at 854). Given the contingent nature of the representation, the contract between Petitioner and Plaintiff, the absence of objections to the requested fee by the Commissioner or Plaintiff, and analysis of all the factors to be considered, the Court finds that Petitioner's request for a § 406(b) fee in the amount of $5,842 is reasonable in this case.

As a final matter, Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past due benefits). However, as Petitioner acknowledges, *see* Dkt. No. 14-1 at ¶ 9, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee, *see Gisbrecht*, 535 U.S. at 796. Petitioner has indicated that he will refund the smaller of the awards to Plaintiff in the event that the Court awards fees pursuant to § 406(b). *See* Dkt. No. 14-1 at ¶ 9. As the majority of the EAJA award was intercepted to pay Plaintiff's New York State tax debt, Petitioner need only refund the $98.96 received. *See Gibson v. Saul*, No. 21-CV-41, 2024 WL 4802618, *1 n.1 (E.D.N.Y. Nov. 15, 2024) ("Bowes never received the $6,756.98 award of attorney's fees ordered by this Court because the United States Treasury intercepted the fees to pay Gibson's New York State tax debt. Bowes cannot return money he never received") (internal citation omitted); *Karla B. v. Berryhill*, 8:18-CV-1273, 2020 WL 3047517, *3 (N.D.N.Y. June 8, 2020) (ordering refund of EAJA fees, which "were partially offset due to [the plaintiff's] federal debt").

### IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 14) is **GRANTED** in the amount of $5,842; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $5,842 to Petitioner, out of Plaintiff's past-due benefits; and the Court further

**ORDERS** that Petitioner is directed, upon payment of the § 406(b) award, to immediately refund Plaintiff the fee of $98.96 previously received under the EAJA; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 16, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge